## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PWM PROPERTY MANAGEMENT | : | |
| LLC, *et al.*, | : | Bankruptcy Case No. 21-11445 (MFW) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| _____ | : | |
| | : | |
| 245 PARK MEMBER LLC, *et al.*, | : | |
| | : | C.A. No. 21-1788-MN |
| Appellants, | : | Bankr. BAP No. 21-89 |
| | : | |
| v. | : | C.A. No. 21-1814-MN |
| | : | Bankr. BAP No. 21-90 |
| PWM PROPERTY MANAGEMENT | : | |
| LLC, *et al.*, | : | C.A. No. 21-1827-MN |
| | : | Bankr. BAP No. 21-92 |
| Appellees. | : | |
| _____ | : | |

## <u>RECOMMENDATION</u>

At Wilmington this **28**[th] day of **February, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of

_____

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

the process.

Appellants and Appellees provided a joint letter at the Order of this judge regarding the appeal in this matter and their positions on mandatory mediation. Both sides had not been  previously nor presently are involved in mediation or other ADR process.

This appeal related to a December 13, 2021 bench ruling and December 20, 2021 order of Judge Mary Walrath of the Bankruptcy Court for this jurisdiction denying the SLG Member's motion to dismiss the Debtors' chapter 11 cases. Because resolution of this appeal depends on the resolution of legal and factual questions on whether the Bankruptcy Court erred in finding that: 1) the filing of the Chapter 11 cases was valid without the need for authorization from the SLG member and/or 2) the Debtors filed the Chapter 11 cases in good faith for a valid bankruptcy purpose.

Appellants maintain that the issue of whether the Chapter 11 cases were validly commenced and should continue moving forward is not appropriate for ADR. Further, since the Chapter 11 cases are ongoing, they desire a decision as soon as possible. They argue that the goal of any request by Appellees to mediate this binary dispute is to delay the decision on Appeal. After Appellants' Motion to Expedite at DI 24 in this matter was denied, they proposed the following schedule, which is timed off the removal of this case from mediation. Their briefing proposal is: Appellants Opening Brief due thirty (30) days from the date of the District Court's order removing this case from mediation; Appellees' and Intervenors' Answering Brief due thirty (30) days from Appellants' Opening Brief and Appellants' Reply Brief to be filed fourteen (14) days for Appellees' Answering Brief.

2

Appellees believe mediation would provide the parties the opportunity to resolve their disputes to this entire matter and could be beneficial.  They note that the parties have not previously mediated these matters and are not engaged in an ADR proceedings.  They do not join Appellants' request to remove this matter from mandatory mediation.

The Trustees intervened in these appeals for the sole purpose of addressing that the form of order that might be entered by the District Court dismissing the Chapter 11 cases to the extent this court reverses the Bankruptcy Court's order denying the SLG Member's motion to dismiss and enters an Order dismissing the Chapter 11 cases request that, rather than remanding the matter to Bankruptcy Court, to do so.  The substantive provision of any such Order are of concern to the Trustees for the reason as stated in their Limited Objections filed by them in the Bankruptcy Court at DI 156 to the proposed Order accompanying the SLG Member's motion to dismiss filed in the Chapter 11 cases.  Should this court determine the mediation should be conducted, the Trustees also wish to participate in the event mediation results in an agreement to dismiss the Chapter 11 cases so that the Trustees' position regarding the form of any order would be considered by the mediator.

After reviewing the parties' and Trustees' positions, it is apparent that mediation would not be a worthwhile process.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The

3

parties are advised through this Recommendation of their right to file objections

pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.


/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge

4